FILED
Feb 24, 2020
02:07 PM(ET)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| Vickie Noblitt, | ) | Docket No. 2019-01-0463 |
| Employee, | ) | |
| v. | ) | State File No. 45410-2019 |
| Green Acres Produce, | ) | |
| Uninsured Employer. | ) | Judge Audrey A. Headrick |

## EXPEDITED HEARING ORDER

Ms. Noblitt requested that Green Acres provide her with medical and temporary disability benefits for an upper right-arm injury. Green Acres disputed that Ms. Noblitt injured her arm at work and asserted it offered her work within her restrictions. For the reasons below, the Court grants the requested medical benefits but denies temporary disability benefits.

### History of Claim

Ms. Noblitt, a baker at Green Acres, lifted a heavy container of bleach and injured her upper right-arm on May 8, 2019. She stated the pain made her nauseous, so she placed both hands on the sink. A co-worker saw Ms. Noblitt and told Sandra Bishop, Green Acres's owner, that Ms. Noblitt hurt her arm. Ms. Bishop asked Ms. Noblitt if she was okay, and Ms. Noblitt responded that she was fine and finished her shift. Ms. Noblitt worked the next day primarily using her left hand.

Two days after the injury, Ms. Noblitt told Ms. Bishop that she needed to see a doctor due to the bruising and an egg-shaped lump that developed. Ms. Bishop told Ms. Noblitt she would pay for her to go to the doctor.[1] Ms. Noblitt immediately went to an urgent-care facility where the provider diagnosed a biceps tendon rupture, ordered an ultrasound, recommended a sling, and referred her to an orthopedist.

---

[1] The testimony was unclear as to whether Ms. Bishop or Green Acres paid for the treatment.

1

After the urgent-care visit, Ms. Bishop agreed to pay for the ultrasound.[2] Although Ms. Bishop paid for the urgent-care visit and ultrasound, she refused to pay for any additional treatment. After she declined to pay, Ms. Noblitt did not obtain treatment on her own.

Ms. Bishop testified she refused to pay for additional treatment because she disputed whether Ms. Noblitt's injury occurred at Green Acres. She noted that Ms. Noblitt finished her shift on May 8 and worked on May 9. Ms. Noblitt also noted that Ms. Bishop was upset regarding Green Acres's lunch policy shortly before the May 8 injury. Further, Ms. Bishop stated Ms. Noblitt complained of being tired from planting flowers in her yard before the May 8 injury.

The parties also contested the availability of post-injury work at Green Acres, but they agreed that Ms. Noblitt did not work at Green Acres after May 9.

With the exception of the urgent-care visit and ultrasound, Green Acres did not provide Ms. Noblitt with any medical or temporary disability benefits. Ms. Noblitt, a Tennessee resident, notified the Bureau of Workers' Compensation of her May 8 injury on June 25.[3] The Bureau's Compliance Unit investigated and prepared an Expedited Request for Investigation Report, noting that Green Acres admitted it was uninsured at the time of Ms. Noblitt's injury. Ms. Bishop later acknowledged she should have had workers' compensation coverage, and she obtained coverage after Ms. Bishop's injury.[4]

## Findings of Fact and Conclusions of Law

Ms. Noblitt must present sufficient evidence demonstrating she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019). The Court holds she is likely to prevail in her claim for medical benefits but not temporary disability benefits.

### *Medical Benefits*

Under the Workers' Compensation Law, an employer must provide medical treatment made reasonably necessary by the work injury. Tenn. Code Ann. § 50-6-204(a). To receive benefits, Ms. Noblitt must show, to a reasonable degree of medical certainty, that the May 8, 2019 incident contributed more than fifty percent in causing the need for medical treatment, considering all causes. Tenn. Code Ann. § 50-6-102(14).

---

[2] The parties did not submit the ultrasound report.

[3] The investigator noted that Ms. Noblitt resides in Cleveland, Tennessee but has a Georgia driver's license.

[4] Ms. Bishop admitted that Green Acres had five or more employees when Ms. Noblitt was injured.

Here, the evidence is sufficient to show that lifting a heavy container of bleach on May 9 caused Ms. Noblitt's work injury and need for medical treatment. The urgent-care provider referred Ms. Noblitt to see an orthopedist for her biceps tendon rupture. Based on the evidence, Green Acres must provide an orthopedist panel from which Ms. Noblitt may select an authorized treating physician.

*Temporary Disability Benefits*

Ms. Noblitt also requested temporary disability benefits. There are two kinds of temporary disability benefits: temporary total and temporary partial. To receive temporary total disability benefits, Ms. Noblitt must prove (1) she became disabled from working due to a work injury; (2) a causal connection between the injury and her inability to work; and (3) the duration of her disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Concerning temporary partial disability benefits, Ms. Noblitt is eligible for benefits if she earned less than her average weekly wage due to work restrictions. *See* Tenn. Code Ann. § 50-6-207(2)(A).

Here, Ms. Noblitt submitted no medical proof taking her off work or reflecting work restrictions, aside from use of a sling, and/or the duration of any restrictions. Due to the lack of evidence, the Court must deny her request for temporary disability benefits at this time.

*Payment of Benefits*

Green Acres must provide medical benefits. However, since it did not have workers' compensation insurance at the time of the injury, the Uninsured Employers Fund has *discretion* to pay *limited* medical expenses if certain criteria are met. (See attached Benefits Request Form.) Ms. Noblitt must establish, through her testimony, medical records, and the Bureau's Compliance report, that she proved or is likely to prove that she: 1) worked for an uninsured employer; 2) suffered an injury arising primarily out of and in the course and scope of employment on or after July 1, 2015; 3) was a Tennessee resident on the date of injury; 4) provided notice to the Bureau of the injury and of the employer's lack of coverage within sixty days of the injury; and, 5) secured a judgment for workers' compensation benefits against Green Acres for the injury. Tenn. Code Ann. § 50-6-801(d)(1)-(5).

The Court finds that Ms. Noblitt worked for an uninsured employer, Green Acres, and that she is likely to prevail at a hearing on the merits that she suffered an injury arising primarily out of her employment on May 8, 2019. She was a Tennessee resident on that date, and she provided notice to the Bureau within sixty days of her injury and of Green Acres's lack of coverage. This order serves as a judgment for benefits. Ms. Noblitt satisfied all of the requirements of section 50-6-801(d).

3

**IT IS, THEREFORE, ORDERED** as follows:

1. Green Acres shall provide Ms. Noblitt an orthopedist panel for her upper right-arm injury under Tennessee Code Annotated section 50-6-204.

2. The Court refers this matter to the Compliance Program for consideration of the imposition of any applicable penalties.

3. This case is set for a Status Hearing on Monday, April 20, 2020, at 9:00 a.m. Eastern Time. The parties must call 423-634-0164 or toll-free at 855-383-0001 to participate. Failure to call might result in a determination of the issues without the party's participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**IT IS ORDERED.**

**ENTERED February 24, 2020.**

**JUDGE AUDREY A. HEADRICK**
**Court of Workers' Compensation Claims**

4

# APPENDIX

Exhibits:
1. Affidavit of Vickie Noblitt
2. Medical records of Urgent Care East
3. Expedited Request for Investigation Report

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Notice of Expedited Hearing
5. Motion for Continuance
6. Order Continuing Expedited Hearing
7. Notice of Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on February 24, 2020.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Tim Henshaw, Employee's Attorney | | X | tim@mcmahanlawfirm.com |
| Green Acres Produce, Uninsured Employer | X | X | Attn: Sandra Bishop<br>4845 Wilson Drive NW<br>Cleveland, TN 37312<br>bishopgene@bellsouth.net |
| Compliance Program | | X | WCCompliance.program@tn.gov |
| LaShawn Pender, UEF Program | | X | lashawn.pender@tn.gov |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work
wc.ombudsman@tn.gov
1-800-332-2667

### REQUEST FOR BENEFITS FROM THE UNINSURED EMPLOYERS FUND

Eligible employees may use this form to request benefits from the Uninsured Employers Fund (UEF) if they are injured while working for an employer that failed to provide:

1. Workers' compensation insurance as required by the TN Workers' Compensation Law; and,
2. Medical and/or disability benefits as required by the TN Workers' Compensation Law.

This form **MUST be completed and sent via certified mail** to the following address:

> Tennessee Bureau of Workers' Compensation
> ATTN: UEF Benefit Manager
> Uninsured Employers Fund
> 220 French Landing Drive, Suite 1B
> Nashville, TN 37243-1002.

This form MUST be sent within sixty (60) calendar days after the claim is over and MUST include:

1. A court order stating your employer owes you benefits and that you may request UEF benefits;
2. A completed Internal Revenue Service (IRS) Form, W-9 Request for Taxpayer Information and Certification available at www.irs.gov; and
3. A completed Bureau of Workers' Compensation Form C31 Medical Waiver and Consent available on the "Forms" link at www.tn.gov/workerscomp.

I certify that I believe I am eligible for benefits from the UEF; that my employer has not paid all or part of the benefits I am due; and my employer has not complied with an order issued by the Court of Workers' Compensation Claims.

I, _____, request benefits from the Uninsured Employers Fund.
       (Print Your Name)

_____

Signature                                                      Date


Tennessee Law allows the State of Tennessee to recover payments made by the UEF for temporary disability benefits or medical benefits. An agreement between you and your employer for payment of benefits must be pre-approved by the UEF before being approved by a workers' compensation judge.


LB-3284 (NEW 4/19)                                              RDA 10183



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

**Employee** _____

v.

**Employer** _____

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on _____  ☐ Other Order filed on _____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties
**Appellant(s) (Requesting Party):** _____  ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s) (Opposing Party):** _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
[Signature of appellant or attorney for appellant]



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $_____ per month | beginning | _____ |
| SSI | $_____ per month | beginning | _____ |
| Retirement | $_____ per month | beginning | _____ |
| Disability | $_____ per month | beginning | _____ |
| Unemployment | $_____ per month | beginning | _____ |
| Worker's Comp. | $_____ per month | beginning | _____ |
| Other | $_____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone       $ _____ per month
Electricity      $ _____ per month    School Supplies $ _____ per month
Water            $ _____ per month    Clothing        $ _____ per month
Gas              $ _____ per month    Child Care      $ _____ per month
Transportation   $ _____ per month    Child Support   $ _____ per month
Car              $ _____ per month
Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____    (FMV) _____
Checking/Savings Acct. $ _____
House                 $ _____    (FMV) _____
Other                 $ _____    Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____        _____
_____        _____
_____        _____
_____        _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20 _____.


_____
NOTARY PUBLIC

My Commission Expires: _____


LB-1108 (REV 11/15)                                    RDA 11082